# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 25-10800-JFW(DSRx)** | Date: November 24, 2025 |

Title: Hot Girl Walk LLC -v- Fashion Nova, LLC

---

**PRESENT:**

  **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                                                       None

**PROCEEDINGS (IN CHAMBERS):**   ORDER  GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [filed 11/18/2025; Docket No. 9]

  On November 18, 2025, Plaintiff Hot Girl Walk LLC ("Plaintiff") filed a Motion for Temporary Restraining Order and Preliminary Injunction, which the Court construes an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application").  On November 19, 2025, this action was reassigned from Magistrate Judge Rozella A. Oliver to this Court, and the Court issued its Standing Order. Plaintiff served Defendant Fashion Nova, LLC ("Defendant") with the Summons and the First Amended Complaint on November 20, 2025, and served Defendant with the Application on November 21, 2025. Plaintiff also notified Defendant that it was required to file an Opposition to the Application within 24 hours in accordance with the Court's Standing Order. However, Defendant failed to file an Opposition to the Application within 24 hours.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the Application and supporting papers, and the arguments therein, the Court rules as follows:

  The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met. *Id.* at 1132.

If the Court issues a TRO, it must also issue an Order to Show Cause why a preliminary injunction should not issue. *See* Local Rule 65-1.

For the reasons stated in Plaintiff's Application, the Court concludes thatL (1) Plaintiff is likely to succeed on the merits; (2) Plaintiff will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities favors Plaintiff; (4) the public interest favors an injunction; and (5) immediate relief is necessary to halt any further online infringement of Plaintiff's trademarks by Defendant prior to holiday shopping, including Black Friday and Cyber Monday. Accordingly, Plaintiff's Application is **GRANTED**. The Court signs, as modified, Plaintiff's Proposed Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, lodged with the Court on November 18, 2025 (Docket No. 9-1).

The Court sets the hearing on the Order to Show Cause for **December 8, 2025 at 11:00 a.m.** Defendant shall filed its Response or Opposition to the Order to Show Cause on or before **December 1, 2025 at 12:00 p.m**. Plaintiff shall file its Reply on or before **December 3, 2025 at 12:00 p.m.**

IT IS SO ORDERED.