**DICKINSON WRIGHT PLLC**
John L. Krieger (CA Bar No. 212325)
jkrieger@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Tel: (702) 550-4400
Fax: (844) 670-6009
*Attorneys for Plaintiff*
*Hot Girl Walk LLC*

**MITCHELL SILBERBERG & KNUPP LLP**
Lucia E. Coyoca (CA Bar No. 128314)
lec@msk.com
Elaine K. Kim (CA Bar No. 242066)
ekk@msk.com
Valentine A. Shalamitski (CA Bar No. 236061)
vas@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Tel: (310) 312-2000
*Attorneys for Defendant Fashion Nova, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOT GIRL WALK LLC, a Delaware limited liability company,<br><br>     *Plaintiff,*<br><br>v.<br><br>FASHION NOVA, LLC, a California limited liability company,<br><br>     *Defendant.* | Case No.: 2:25-cv-10800-JFW-DSR<br><br>**PARTIES' RULE 26(F) REPORT**<br><br>**Scheduling Conference**<br><br>350 W. 1st St, Los Angeles, California 90012<br><br>Date: March 2, 2026<br>Time: 1:15 p.m.<br><br>Trial Date: None Set |

PARTIES' RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's November 19, 2025 Standing Order (ECF No. 13), Plaintiff Hot Girl Walk LLC ("HGW" or "Plaintiff") and Defendant Fashion Nova, LLC ("Fashion Nova" or "Defendant"), by and through undersigned counsel, having conducted a conference in accordance with Rule 26(f) on January 30, 2026, hereby submit the following Joint Rule 26(f) Report:

## I.   SUBJECT MATTER JURISDICTION

This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) by virtue of 15 U.S.C. § 1125, *et seq*., in that the case arises out of § 43(a) of the Lanham Act for trademark jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1367(a) and 1338(a) and (b).

## II.   STATEMENT OF FACTS

### a.   Plaintiff's Position

Plaintiff is the worldwide owner of the iconic "Hot Girl Walk" brand, which is a leading brand in fitness, wellness, and female empowerment. Starting from humble beginnings between November of 2020 and early 2021, HGW's founder Mia Lind ("Ms. Lind") originated the concept of the HOT GIRL WALK during the COVID lockdown when she was a student at the University of Southern California. Ms. Lind created the first HGW TikTok video and posted it on January 23, 2021, garnering millions of views. From then on, HGW was built into a female empowerment empire. HGW became a sought-after brand for partnerships, including Rael, Skull Candy, Spotify, Schmooze, Reebok, lululemon, Stava, LIFEWTR, and e.l.f. Cosmetics, TikTok Shop, Cider, ASOS, Halara, and the American Heart Association, among others. HGW has gained such popularity that Ms. Lind was featured by Linktree on a billboard in Times Square, New York City, in September of 2025, and Ms. Lind's new book *Hot Girl Walk: Find Happiness, Achieve Your Dreams, and Cultivate Confidence* has become a top-seller with 5-Star

reviews on Amazon. However, above all else, HGW has stayed true to its core tenets of gratitude, goals, and confidence.

Fashion Nova, a brand that readily admits it is against female empowerment as it "is not in the business of promoting fitness or mental health … nor does it advocate … [for] fitness or wellness," has been advertising and utilizing the HGW Marks in associations with its clothing. Fashion Nova is a serial infringer that consistently misappropriates other brands' trademarks and goodwill, rather than attempting to establish its own. HGW is merely Fashion Nova's latest victim in its crusade of copying and brand appropriation.

As a result of Fashion Nova's actions, HGW brings claims for trademark infringement and unfair competition arising under the Lanham Act, with pendent claims for trademark infringement, unfair competition and false designation of origin, trademark dilution, as well as common law infringement and unfair competition, intentional interference with economic advantage, and California statutory unfair competition, based on Defendant's use of the HGW's Marks, as defined in HGW's Motion for Temporary Restraining Order (ECF No. 9.) Upon information and belief, Defendant has been infringing on the HGW Marks in connection with Defendant's sale of apparel products since as early as November 2023. Plaintiff seeks damages, attorneys' fees, costs, as well as permanent injunctive relief.

In line with Plaintiff's claims, the Court found that Plaintiff "is likely to prevail on its trademark infringement claim with respect to the HOT GIRL WALK mark." (ECF No. 37). In analyzing Plaintiff's claims, the Court found that "the HOT GIRL WALK mark is suggestive, at least as it relates to apparel and retail services." (*Id.*) Moreover, in discussion of the *AMF, Inc. v. Sleekcraft Boats*, 588 F.2d 341, 348-49 (9th Cir. 1979) factors the Court found that: (1) Fashion Nova's use of the HOT GIRL WALK is identical to HGW's Marks; (2) Fashion Nova and HGW's

PARTIES RULE 26(F) REPORT

2

products are related; (3) HGW has invested hundreds of thousands of dollars in promoting its marks; and (4) consumers do not use a high degree of care in analyzing the marks. It appears as if Fashion Nova is merely trying to delay the inevitable, given HGW's preliminary success on the merits of its claims, and will likely attempt to employ a "scorched earth" strategy by forcing HGW to expend as much money on defending its trademark rights as possible. Nevertheless, HGW is confident that it will succeed on the merits of its claims; but, it would ask the Court to view Fashion Nova's actions through a prism of skepticism given Fashion Nova's history of ignoring and/or intentionally violating Court Orders.[1]

### b. **Defendant's Position**

Fashion Nova is a Los Angeles-based leading fashion retailer known for delivering accessible, trend-driven apparel to customers quickly.  Founded in 2006, Fashion Nova has built a globally recognized brand.  The company launched its online website store in 2013, and became the number one most searched fashion brand on the internet in 2018.  Fashion Nova is essentially an online retailer; but also has five brick-and-mortar stores in Southern California.

HGW—in its First Amended Complaint and in other filings, including its statements herein—has incorrectly but repeatedly claimed that Fashion Nova infringed what HGW refers to collectively as the "HGW Marks."  As defined in the First Amended Complaint, "HGW Marks" purports to encompass 14 registrations or pending applications in four purported marks: the phrase "Hot Girl Walk," a logo

---

[1] In its Reply in Support of its Motion for Preliminary Injunction, Plaintiff introduced evidence showing Fashion Nova was found liable for making intentional misrepresentations, engaging in fraudulent schemes, and allegations regarding violations of Court Orders and/or Settlement Agreements. (ECF No. 33-1, ¶¶ 7, 8, 9, 10). This is not "mudslinging" nor a violation of the Central District of California's Civility and Professionalism Guidelines. Indeed, such allegations are evidence of motive, intent, preparation, plan, knowledge, absence of mistake, and/or lack of accident. *See* Fed. R. Evid. 404(b)(2).

PARTIES RULE 26(F) REPORT

incorporating the phrase "Hot Girl Walk," the abbreviation "HGW," and the phrase "Gratitude, Goals, Confidence." HGW continues to claim that Fashion Nova has infringed the "HGW Marks," even though HGW has offered no allegations, evidence, or argument that Fashion Nova has ever used the logo, the abbreviation, or the phrase "Gratitude, Goals, Confidence," or that Fashion Nova has ever offered most of the goods or services that are listed in HGW's claimed 14 registrations and applications, or goods or services related to them. In further overreaching, HGW also sought, unsuccessfully, to obtain a preliminary injunction to try to monopolize the words "hot girl."

The phrase "hot girl walk" is, and was at the time HGW and its founder Amelia Lind ("Lind") applied for and obtained the claimed registrations, a commonplace phrase that was widely used by a variety of sources to merely convey the concept of a type of walk, *i.e.*, the walk of a "hot girl," itself an ubiquitously used phrase. As alleged by HGW, the phrase went "viral" between January 2021 and April 2021. The phrase appeared in countless social media posts, on numerous websites, and ornamentally on apparel. However, these uses were made by a variety of sources, with no affiliation with any goods or services offered by HGW or Lind. Indeed, the "viral" uses of the phrase indicated no *source* at all or indicated sources *other than* Lind and HGW. Because consumers are accustomed to seeing this phrase commonly used in everyday speech by many different persons and entities, the phrase fails to function as a mark identifying the source of the goods or services of Lind or HGW, and failed to do so when HGW secured its trademark registrations.

Even HGW's touted licensed partners have used the phrase "hot girl walk" as a commonplace term or message, allowing influencers who create paid advertisements on behalf of these purported partners to use the phrase in a manner that has no connection to HGW and to promote products which, on information and belief, HGW has no ability to supervise or control and have not supervised or

PARTIES RULE 26(F) REPORT

4

controlled.  Thus, to the extent Lind and/or HGW ever had any trademark rights, which Fashion Nova denies, they have abandoned any such purported rights through naked licensing and failure to enforce any purported rights.

HGW's first-obtained registration in "hot girl walk," in connection with athletic apparel, is void *ab initio* and subject to cancellation for further reasons.  Lind affirmatively represented to the United States Patent and Trademark Office ("USPTO") in her declaration of use filed on January 30, 2023 that the applied-for mark was "in use in commerce on or in connection with all the goods/services in the application," including, pants, jackets, footwear, and athletic uniforms, which caused the USPTO to issue the said registration covering those goods.  Fashion Nova has not located, and HGW has not presented, any evidence that Lind was using "hot girl walk" as a mark in connection with all of the claimed goods/services, including pants, jackets, footwear, or athletic uniforms, as of January 30, 2023, or that Lind had a bona fide intent to use the phrase in connection with each of the listed goods/services when she filed her intent-to-use application on April 15, 2021.

Fashion Nova did not make trademark use of "hot girl walk," *i.e.*, as a source identifier.  Further, the evidence will show that any alleged use did not cause a likelihood of confusion with HGW.  Although the Court initially found, based on a limited preliminary injunction record, that HGW had shown a likelihood of success on its claim as to "hot girl walk" (not the other claimed marks), Fashion Nova believes that with discovery which the Court did not have the benefit of, including survey evidence, documents, and deposition testimony as just some examples, the record will bear out that, even assuming *arguendo* that HGW had a protectable right in the phrase "hot girl walk," the *Sleekcraft* factors favor Fashion Nova and HGW will be unable to meet its burden of showing a likelihood of confusion, much less the amount of damages that HGW is seeking.

In addition to the trademark infringement and false designation claims under

PARTIES RULE 26(F) REPORT

the Lanham Act and common law, HGW has asserted other claims, which are premised on insufficient and baseless legal conclusions.  These include claims for dilution of a purportedly famous mark under the Lanham Act, 15 U.S.C. § 1125(c); common law unfair competition; unfair competition under California Business and Professions Code § 17200, alleging, *inter alia*, that Fashion Nova's alleged actions supposedly "constitute incipient violations of state and federal antitrust laws"; and intentional interference with economic advantage, alleging that Fashion Nova somehow "knowingly and intentionally disrupted the economic relationship between Plaintiff and its current and potential collaborative partners."  HGW did not allege any specific or plausible facts to support these claims (there are none), and will be unable to prove them at trial.

Lastly, Fashion Nova objects to HGW's baseless mudslinging, in its statements above, p. 2, lines 3-9 and p. 3, lines 6-9, which are irrelevant to the actual issues in dispute.  Such statements violate the Central District of California's Civility and Professionalism Guidelines, Section B.8, which prohibits statements in filings to the Court that "disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the Court…."[2]

/ / /

---

[2] Instead of agreeing to remove its unnecessary and irrelevant mudslinging, Plaintiff double-downed by adding footnote 1.  Plaintiff's assertion is also inaccurate.  In its Reply in Support of its Motion for Preliminary Injunction, Plaintiff did not introduce "evidence showing Fashion Nova was found liable for making intentional misrepresentations [or] engaging in fraudulent schemes." Plaintiff submitted a complaint in a non-trademark case, an FTC decision and order in another non-trademark matter based on an agreement containing consent order which did not admit or deny any allegations in the complaint except as specifically stated in the order, and two articles.  (*See* ECF No. 33-1, ¶¶ 7, 8, 9, 10).  Plaintiff's vague argument that "such allegations are evidence of motive, intent, preparation, plan, knowledge, absence of mistake, and/or lack of accident" makes no sense.

PARTIES RULE 26(F) REPORT

## III.    LEGAL ISSUES

### a.  Plaintiff's Position

The primary legal issues in this case are whether Defendants infringed on Plaintiff's rights in its federally registered HGW Marks (15 U.S.C. § 1117), unfairly competed and falsely designated the origin of those federally registered HGW Marks (15 U.S.C. § 1125(a)), diluted the HGW Marks (15 U.S.C. § 1125(c)), committed common law infringement, unfair competition, and/or unfairly competed under Cal. Bus. & Prof. Code § 17200. Despite the Court's unambiguous finding that Fashion Nova's use of "Hot Girl Walk" is "identical" to HGW's, Fashion Nova denies, in vein, that it has used the HGW Marks. Instead, Fashion Nova is primarily relying upon affirmative defenses and its Counterclaim seeking cancellation of the HGW Marks in defense of Plaintiff's claims.

### b.  Defendant's Position

HGW's statement is incomplete and incorrect.  As stated above, HGW has no evidentiary or good-faith basis for claiming that Fashion Nova used or infringed the "HGW Marks."  And as stated above, Fashion Nova disputes that "hot girl walk" functions as a trademark to identify HGW's goods and services, and disputes that the alleged references to "hot girl walk" constitute trademark use or that they are likely to cause confusion with HGW.  In addition to the above, the primary legal issues are:

- Whether HGW's purported marks fail to function as trademarks;
- Whether HGW's registrations are void *ab initio*;
- If HGW ever had any trademark interest in the phrase "hot girl walk," whether HGW has abandoned it due to naked licensing and viral use of the phrase by third parties;
- Whether Lind/HGW obtained U.S. Registration No. 7,037,847 in "hot girl walk" by fraud on the USPTO;

PARTIES RULE 26(F) REPORT

- If HGW has any trademark right in "hot girl walk," whether Fashion Nova made trademark use of "hot girl walk," and whether the alleged use is likely to cause consumer confusion;

- Whether Fashion Nova made trademark use of the other so-called "HGW Marks" (the logo, the abbreviation "HGW," and the phrase Gratitude, Goals, Confidence"), and the 13 other trademark registrations and applications listed in the First Amended Complaint;

- Whether HGW's purported marks are "famous," as required for dilution under 15 U.S.C. § 1125(c);

- Whether HGW can prove passing off for common law unfair competition;

- Whether HGW can prove unfair or fraudulent competition under Cal. Bus. & Prof. Code § 17200, or can recover its actual damages, disgorge profits, obtain attorneys' fees, or obtain punitive damages under that statute (as HGW claims in its First Amended Complaint);

- Whether HGW can prove intentional interference with economic advantage where HGW does not even allege that Fashion Nova knew of HGW's alleged discussions with the unnamed third party;

- Whether HGW's claims are barred, in whole or in part, by HGW's unclean hands, estoppel, trademark misuse, or other doctrines as asserted in Fashion Nova's defenses;

- HGW's various affirmative defenses to Fashion Nova's Counterclaims.

## IV.  MOTIONS

There are no pending motions.

**Plaintiff's Position:** The Court has already issued both a Temporary Restraining Order (ECF No. 9) and Preliminary Injunction (ECF No. 38), prohibiting

PARTIES RULE 26(F) REPORT

Defendant from using Plaintiff's HGW Marks on clothing products, in the online offering for sale of clothing products, and in all advertising and search optimization tools, as well as directing Paid Partners and/or third-party Affiliates to not use the HGW Marks, accordingly, for the pendency of the litigation.

**Defendant's Position:** The Court issued a Temporary Restraining Order, after finding that Defendant failed to file an opposition within 24 hours. The Court subsequently issued a Preliminary Injunction Order, the contents of which are stated therein. There is no need for Plaintiff to re-characterize the Court's Preliminary Injunction Order. Plaintiff's characterization is also inaccurate in several respects, including that the Court's Preliminary Injunction Order did not address all of Plaintiff's other "HGW Marks" but was specifically limited to "Hot Girl Walk." The Preliminary Injunction Order restrained and enjoined Defendant from "[d]irecting its Paid Partners and/or third-party affiliates to use the HOT GIRL WALK® mark on clothing products (including packaging and hangtags), online (including Fashion Nova, LLC's website and social media pages), and in all advertising and search engine optimization tools, including, but not limited to metatags, Google Adwords."

**Joint Statement:** Plaintiff and Defendant are currently working together in good faith with regard to certain issues that have come to Plaintiff's attention regarding Defendant's compliance with the Court's Preliminary Injunction (ECF No. 38). Based upon the continued dialogue between Plaintiff and Defendant and any additional information that may come to light, it is possible that Plaintiff may seek to file a Motion for Order to Show Cause and/or a Motion for Sanctions against Defendant. However, for the abundance of clarity, Plaintiff has not determined whether such a motion will be necessary at this juncture. Defendant disagrees that there are any facts that support Plaintiff's baseless claims that Defendant has failed to comply with the Court's Preliminary Injunction. Defendant has complied and will continue to comply fully with the Court's Preliminary Injunction.

PARTIES RULE 26(F) REPORT

Plaintiff also anticipates filing a motion for summary judgment as to all or some of Plaintiff's claims and as it pertains to Defendant's counterclaims. Plaintiff anticipates moving for a determination of damages upon a positive finding of liability.

Defendant likewise anticipates filing a motion for summary judgment as to all or some of Plaintiff's claims and disputes that Plaintiff is entitled to any damages. As it pertains to Defendant's counterclaims, Defendant anticipates moving for summary judgment as to its counterclaims.

The Parties' respective positions regarding the last day to hear motions are set forth in **Exhibit A**.

## V.    ADDITIONAL CLAIMS AND PARTIES

At this time, the Parties do not anticipate filing motions seeking to add additional claims or parties. However, to the extent that additional information is discovered throughout litigation, the Parties may seek to amend the operative complaint or counterclaims, as applicable, if such additional claims or parties are revealed.

Plaintiff proposes **June 1, 2026,** as the last day to file any motions to amend pleadings or add parties.

As it appears that the Court normally sets the deadline to amend pleadings closer to the date of the Scheduling Conference, Defendant proposes **March 30, 2026.**

## VI.    DISCOVERY PLAN

The Parties conferred and agreed on the matters listed in Rule 26(f) as set forth below.

### a. Initial Disclosures

The Parties agree that no changes will be necessary to the form, requirement, or timeline for making initial disclosures under Fed. R. Civ. P. 26(a)(1). The Parties

PARTIES RULE 26(F) REPORT

have agreed to exchange disclosures on **Friday, February 20, 2026**.

**b. Discovery Taken to Date**

Defendant propounded Requests for Production, Interrogatories, and Requests for Admission on Plaintiff on Tuesday, February 2, 2026. Plaintiff propounded Requests for Production, Interrogatories, and Requests for Admission on Defendant on February 13, 2026.

**c. Scope of Anticipated Discovery**

The Parties expect to conduct discovery requiring the production of documents, electronic materials, and things, interrogatories, requests for admission, and deposition testimony.

At this stage of the proceedings, Plaintiff believes that discovery will be needed on at least the following subjects: information and documentation regarding (a) Defendant's use of the HGW Marks, including similarity, use, and promotion in commerce thereof; (b) infringement, including confusion and/or likelihood thereof; (c) damages, including Defendants' profits; and (d) Defendant's affirmative defenses and counterclaims, if any. Plaintiff reserves the right to seek additional discovery as the case progresses.

At this time, Defendant believes that discovery will be needed on at least the following subjects: (a) Plaintiff's claimed trademarks; (b) the use of the phrase "hot girl walk" by third parties other than Plaintiff; (c) Plaintiff's alleged licensing of its claimed marks and efforts to police use or lack thereof; (d) Plaintiff's trademark registrations, representations to the USPTO regarding bona fide intent to use and use, and actual use of the applied-for marks on all of the listed goods and services; (e) Plaintiff's alleged strength of the claimed marks, including Plaintiff's alleged use in marketing, its marketing expenditures as to each claimed mark, and its relevant market share; (f) Plaintiff's goods and services, and offering and sales thereof; (g) Plaintiff's advertising and distribution channels; (h) Plaintiff's target market and

PARTIES RULE 26(F) REPORT

11

customers; (i) Plaintiff's plans for expansion; (j) other factors relevant to Plaintiff's claims of trademark infringement, false designation of origin, and unfair competition; (k) the alleged fame of Plaintiff's claimed marks, and Plaintiff's claim for dilution; (l) Plaintiff's alleged "current and potential collaborative efforts" and purported intentional interference thereof; (m) Plaintiff's alleged harm resulting from Defendant's alleged conduct, and claims of damages; (n) Defendant's affirmative defenses and counterclaims; and (o) Plaintiff's affirmative defenses to Defendant's counterclaims.

Both sides anticipate the need for experts in this case. As such, Defendant proposes that fact and expert discovery be phased, so that fact discovery is completed or at least substantially completed before expert disclosures and discovery.

### d. <u>Modifications of Discovery Rules</u>

Aside from those limitations articulated below proposed by Plaintiff, the Parties do not believe or ask that the Court and/or the Magistrate Judge make any alterations to the limitations on discovery imposed under Federal Rules of Civil Procedure 26, 33, 34, and 36.

### i. <u>Plaintiff's Proposed Limitations</u>

Plaintiff hereby proposes that the Court/Magistrate Judge impose a limitation of fifty (50) Rule 34 Requests for Production for either side. Defendant has already propounded ***101 Requests for Production*** to Plaintiff in a relatively simple and straightforward trademark infringement litigation. It is clear that Fashion Nova intends to conduct a fishing expedition, as many of the requests are entirely irrelevant and overly burdensome. As a result, Plaintiff proposes a cap of fifty (50) Requests for Production. In the event it becomes evident that fifty (50) Requests for Production are insufficient, the Parties can either jointly stipulate to exceed the limitation or unilaterally move for an expansion of the same.

Plaintiff does not dispute that at the original Rule 26(f) conference that

PARTIES RULE 26(F) REPORT

Plaintiff did not propose a limitation on discovery, as Plaintiff assumed the Parties would act in good faith and only request narrowly tailored and relevant documents/information. However, after receiving Fashion Nova's discovery requests it became clear that Fashion Nova was attempting to request irrelevant and overly burdensome information. Plaintiff is under the impression that Fashion Nova is engaging in this conduct as a litigation tactic to force Plaintiff to unnecessarily expend attorneys fees.

For clarity, if the Court is not inclined to set a fifty (50) Request for Production limitation, Plaintiff will consent to a limitation of no more than 101 Requests for Production. More specifically, requiring Fashion Nova to file a Motion and show good cause for exceeding the already excessive number of Requests for Production that have been propounded. This compromise will ensure that Fashion Nova cannot use discovery as a tool to attempt to punish Plaintiff – a small business – for seeking to protect its rights.

### ii.  **Defendant**

When the Parties conducted their Rule 26(f) conference via Zoom on January 30, 2026, the Parties were in agreement that there should be no limitations on discovery other than as imposed under the Federal Rules.  Consistent with that agreement, Defendant propounded discovery on February 2, 2026.

Defendant disagrees with Plaintiff's subsequent proposal.  Plaintiff's argument that this is a "relatively simple and straightforward trademark infringement litigation" is belied by Plaintiff's own pleadings, in which it has made extremely broad, wide-ranging claims, and seeks to recover damages for "substantial damage" to its reputation, goodwill, and partnerships; seeks to disgorge profits; and demands exemplary and punitive damages, among other things.  Moreover, Plaintiff has claimed rights in a "viral" phrase used by millions of third parties, according to Plaintiff; has put at issue its licensing with tens of companies; and has claimed rights

PARTIES RULE 26(F) REPORT

across a wide number of goods and services in connection with marks even beyond the phrase "hot girl walk." Defendant is entitled to conduct discovery to defend against Plaintiff's claims. Defendant's requests seek documents that are clearly relevant to Plaintiff's claims and defenses, and Defendant's counterclaims and defenses, and are not at all a "fishing expedition" as Plaintiff contends. Many of Defendant's requests seek documents "sufficient" to identify or show material facts. Plaintiff's accusation that Fashion Nova is seeking discovery in order to "punish" Plaintiff or force Plaintiff to "unnecessarily expend attorneys' fees" is meritless. As for its claim of burden, at the Rule 26(f) conference, Plaintiff's counsel stated that Plaintiff does not have many witnesses and documents. Of course, Defendant will meet and confer with Plaintiff on its requests once Plaintiff responds and articulates why Plaintiff believes any particular request is irrelevant or unduly burdensome.

To impose a numerical limitation on requests for production, particularly after Defendant has prepared and propounded requests based on the parties' prior agreement that no limitation was appropriate, is not fair or proper. The number of requests is not determinative of the breadth or burden of the requests; Plaintiff could propound fewer requests that are extremely broad or unduly burdensome. Plaintiff's alternative "101" cap, which Plaintiff raised for the first time while the Parties were drafting this Report, would unfairly prejudice Defendant and penalize it for starting the discovery process earlier than Plaintiff. In effect, Plaintiff seeks to set a one-sided deadline for propounding all discovery requests now (and after the fact), well before the discovery cut-off. That is contrary to the Federal Rules and the parties' Rule 26(f) discussion.

### e. **Electronically Stored Information ("ESI")**

The parties agree to work in good faith to accommodate discovery of ESI, which may include non-traditional forms, including but not limited to, text messages, social media, and cloud-based ESI. The parties agree to produce electronic

PARTIES RULE 26(F) REPORT

documents in Tagged Image File Format ("TIFF") or Portable Document Format ("PDF"), with all relevant associated metadata provided in the form of a load file or some alternative discovery method that preserves the documents' searchability in review software or other document management software. The parties will meet and confer regarding any particular format issues required by the receiving party to process and receive the data, and regarding the production of native versions of documents with all existing metadata fields in lieu of TIFFs and PDFs with a load file.

### f.  **Confidentiality and Privilege Issues**

Given the nature of the Parties' claims and defenses, the Parties anticipate confidential information will be exchanged in this case. The Parties are therefore discussing a Protective Order that will be submitted to the assigned Magistrate Judge for consideration. The Parties agree that the proposed Protective Order will be consistent with the Court's Standing Order regarding filings under seal (ECF No. 13, Section 9). The Parties are hopeful that they will be able to reach an agreement on the terms of a Protective Order, and they will seek the Magistrate Judge's assistance if they cannot reach an agreement.

The Parties agree that any materials protected from discovery by the attorney-client privilege or the work product doctrine and created on or after November 10, 2025, for purposes of this litigation, and that were exchanged only between the Parties and their respective attorneys, do not need to be identified on the Parties' respective logs of withheld documents under Rule 26(b)(5).  The Parties will exchange privilege logs on mutually agreeable date(s) and will meet and confer regarding the format of such logs.

### g.  **Expert Discovery**

The Parties agree that all expert discovery and disclosures shall be governed under Fed. R. Civ. P. 26(a)(2).

PARTIES RULE 26(F) REPORT

The Parties' respective positions with regard to expert discovery deadlines are set forth in the attached **Exhibit A**.

Defendant states that its proposed dates regarding initial expert disclosures and rebuttal expert disclosures are consistent with the Court's Scheduling and Case Management Orders issued in other cases, providing that initial expert disclosures shall be provided not later than eight weeks prior to the discovery cut-off date, and rebuttal expert disclosures shall be provided no later than five weeks prior to the discovery cut-off date.

### h.  Other Orders

At this time, the Parties have not requested any orders that the Court should issue under Rule 26(c) or under 16(b) and (c), but will be requesting a Scheduling Order and a Protective Order, as discussed above.

## VII.  RELATED CASES OR PROCEEDINGS

None.

## VIII.  DAMAGES/RELIEF SOUGHT

### a.  Plaintiff's Damages and Relief

At this early stage of the litigation, a realistic range of provable damages is not known as Defendant is in possession of the necessary information to provide such a calculation. Plaintiff will utilize an expert witness to calculate damages. Nevertheless, consistent with Plaintiff's First Amended Complaint, Plaintiff seeks the following categories of damages:

1.      Consistent with 15 U.S.C. § 1117(a), Plaintiff seeks to recover (1) defendant's profits, (2) any damages sustained by Plaintiff, and (3) the costs of this action. The Court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits, Plaintiff shall be required to prove Defendant's sales only; Defendant must prove all elements of cost or deduction claimed.

PARTIES RULE 26(F) REPORT

2.    Plaintiff further seeks treble damages consistent with 15 U.S.C. § 1117(b).

3.    Plaintiff seeks a determination that this constitutes an exceptional case and that Plaintiff may be awarded reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

4.    Disgorgement of Fashion Nova's ill-gotten gains pursuant to California Business and Professions Code § 17203.

5.    For recovery of punitive damages. *Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal. App. 3d 1120, 1142, 225 Cal. Rptr. 120, 132 (Ct. App. 1986), *as modified on denial of reh'g* (Mar. 5, 1986); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir. 1985).

6.    For injunctive relief permanently enjoining Fashion Nova from utilizing the HGW Marks consistent with Plaintiff's First Amended Complaint and any subsequent filings made by Plaintiff in this action. 15 U.S.C. § 1116; *Clark v. Superior Ct.*, 50 Cal. 4th 605, 610, 235 P.3d 171, 174 (2010).

7.    Plaintiff denies that Defendant is entitled to any monetary or equitable relief, including, but not limited to, cancellation of the HGW Marks.

### b. **Defendant's Damages and Relief**

Defendant denies that HGW is entitled to any damages or other relief, and denies that there is any basis for Plaintiff's requests for treble damages, attorney's fees, disgorgement pursuant to California Business and Professions Code § 17203, punitive damages, or injunctive relief.  Further, under 15 U.S.C. § 1117(a), Plaintiff must prove that the alleged damages or profits are attributable to infringement, and Plaintiff is entitled to double or duplicative recovery.

Defendant's Counterclaims seek cancellation of HGW's registrations including Registration No. 7,037,847, Registration No. 7,472,230, Registration No. 7,472,231, and Registration No. 7,618,527.   Defendant also reserves the right to

PARTIES RULE 26(F) REPORT

seek attorneys' fees pursuant to 15 U.S.C. § 1117.

## IX.    CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS

Both Plaintiff and Defendant have filed the required Certification as to Interested Parties or Persons. *See* L.R. 7.1-1; [ECF No. 3; ECF No. 23].

### a. Plaintiff

Plaintiff HGW is a Delaware limited liability company that does business in California at 1014 S Westlake Blvd, Suite 14-1331, Westlake Village, CA 91361. Plaintiff further certifies that pursuant to Federal Rule of Civil Procedure 7.1, and Local Rule 7.1-1, there is no other interested party to report.

### b. Defendant

Defendant reaffirms that the following listed parties may have a pecuniary interest in the outcome of this case:  Fashion Nova, LLC (Defendant) and Fashion Nova Holdings, LLC (Defendant's parent entity).  No publicly held corporation owns 10% of more of Fashion Nova's stock.

## X.    PROPOSED COMPLETION DATES

The Parties have not been able to reach an agreement with regard to deadlines pertaining to: (1) the close of discovery; (2) expert discovery deadlines; (3) the final day to hear motions; (4) the date of the final pre-trial conference; and (5) the date of trial. In sum, Fashion Nova proposes the discovery cut-off of March 31, 2027, whereas HGW asks for a discovery cut-off of January 18, 2027. The Parties' respective positions with regard to the setting of discovery deadlines are set forth in the attached **Exhibit A**.

## XI.    TRIAL ESTIMATE/TRIAL COUNSEL

The Parties agree that, currently,  a **Jury Trial** is appropriate and estimate that trial will take **5-7 days**. Depending, however, on the damages and remedies at issue in the case immediately preceding trial, Defendant reserves the right to move to strike the jury. The Parties cannot come to an agreement as to a proposed trial date

PARTIES RULE 26(F) REPORT

and date for the Pretrial Conference. As a result, the Parties' respective positions are set forth in the attached **Exhibit A**.

## XII.    SETTLEMENT/ADR

The Parties have not yet engaged in settlement discussions. Plaintiff believes that ADR Procedure No. 1, a settlement conference before the assigned magistrate judge, is most appropriate to secure a settlement and to save costs on litigation. Defendant believes that ADR Procedure No. 3, private mediation, is most appropriate to secure a settlement. The Parties propose **December 17, 2026,** as the last day to mediate.

## XIII.    COMPLEX LITIGATION

The Parties do not believe that this case is a complex litigation that requires reference to the procedures set forth in the Manual on Complex Litigation.

## XIV.    MOTIONS, UNUSUAL LEGAL ISSUES, AND PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR ORDERING OF PROOF

Both Parties anticipate filing a motion for summary judgment as to all or some of the other side's claims/counterclaims, which may be dispositive or partially dispositive.

At this time, Parties are not aware of unusual legal issues presented by the case.

No proposals regarding severance, bifurcation, or other ordering of proof at trial appear necessary at this time, but the Parties reserve the right to raise such proposals closer to the time of trial.

## XV.    OTHER ISSUES

### a.    Service via Email

The Parties agree to and consent to service via email to all counsel of record for each respective party.

PARTIES RULE 26(F) REPORT

**b. Meet and Confers**

Pursuant to, and in compliance with, the Court's November 19, 2025, Standing Order (ECF No. 13), the Parties will conduct all meet and confers via Zoom, Teams, or some other agreeable video conference software. As the Court stated in the Standing Order, "[i]f lead counsel are not both located within the Central District of California, the conference may take place via video." Plaintiff's lead counsel is located in Las Vegas, Nevada. Accordingly, to avoid the unnecessary accrual of fees, costs, and expenses, the Parties agree to conduct all Rule 7-3 conferences via video. The Parties will comply with the Magistrate Judge's orders regarding meet-and-confers.

DATED:      February 13, 2026

Respectfully Submitted,

**DICKINSON WRIGHT PLLC**

 */s/ John L. Krieger*
John L. Krieger (CA Bar No. 212325)
jkrieger@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Tel: (702) 550-4400
*Attorneys for Plaintiff Hot Girl Walk LLC*

**MITCHELL SILBERBERG & KNUPP LLP**

*/s/ Elaine K. Kim*
Lucia E. Coyoca (CA Bar No. 128314)
lec@msk.com
Elaine K. Kim (CA Bar No. 242066)
ekk@msk.com
Valentine A. Shalamitski (CA Bar No. 236061)
vas@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Tel: (310) 312-2000
*Attorneys for Defendant Fashion Nova, LLC*

PARTIES RULE 26(F) REPORT

**ATTESTATION**

I hereby certify that on the 13th day of February, 2026, attest that the above listed signatories on whose behalf this document is being filed, have concurred in the filing's content and have authorized the filing.

DATED: February 13, 2026


                                        */s/ John L. Krieger*
                                        John L. Krieger

PARTIES RULE 26(F) REPORT

21

## Exhibit A

**Parties Agreed Upon Dates**

| Event | Parties' Proposal |
|---|---|
| Exchange of Initial Disclosures | February 13, 2026 |
| Last day to conduct Settlement Conference/Mediation | December 17, 2026 |

**Dates Upon Which Parties Could Not Agree**

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Deadline to Amend Complaint/Counterclaims | June 1, 2026 | March 30, 2026 |
| Fact Discovery Cut-off | | January 15, 2027 |
| Initial Expert Reports (Party with Burden of Proof) | November 19, 2026 | February 3, 2027 |
| Rebuttal Expert Reports | December 18, 2026 | February 24, 2027 |
| Discovery Cut-off | January 18, 2027 | March 31, 2027 |
| Deadline for Filing Dispositive Motions | February 16, 2027 | June 14, 2027 |
| Final Pretrial Conference | April 16, 2027 | August 6, 2027 |
| Trial | May 17, 2027 | August 31, 2027 |

PARTIES RULE 26(F) REPORT

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2026, a true and correct copy of the foregoing PARTIES' RULE 26(F) REPORT was served via CM/ECF to the following parties:

**MITCHELL SILBERBERG & KNUPP LLP**
Lucia E. Coyoca
lec@msk.com
Elaine K. Kim
ekk@msk.com
Valentine A. Shalamitski
vas@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067

                                    /s/ Ashley B. Moretto
                                    An Employee of Dickinson Wright PLLC

PARTIES RULE 26(F) REPORT

23